Filed 6/27/13  P. v. Rivers CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B244386 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA118133) |
| v. | |
| DOMINIQUE A. RIVERS, | |
| Defendant and Appellant. | |

THE COURT:[*]

The District Attorney of Los Angeles County filed an amended information charging appellant Dominique Antoine Rivers with battery with serious bodily injury (Pen. Code, § 243, subd. (d)) (count 1), and assault by means likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(1)) (count 2).  It was further alleged that appellant personally inflicted great bodily injury, within the meaning of Penal Code section 12022.7, subdivision (a).  Appellant pled not guilty and denied the special allegation.  Prior to trial, appellant changed his plea to nolo contendere, and admitted the special allegation.

The trial court sentenced appellant to the upper term of four years in state prison on count 2, and then suspended execution of the sentence.  Sentencing on count 1 was

---

[*]    BOREN, P. J., ASHMANN-GERST, J., CHAVEZ, J.

stayed, pursuant to Penal Code section 654. Appellant was placed on formal probation for three years, and was ordered to serve three days in county jail and perform 40 days of community service with Caltrans. Appellant was also ordered to pay various fines and fees. Appellant received three days of presentence custody credit, consisting of three days in actual custody.

Appellant failed to complete his community service, and his probation was revoked. Appellant waived his right to a probation revocation hearing. The trial court found appellant to be in violation of his probation, and reinstated his original sentence. Appellant received 111 days of presentence custody credit, consisting of 57 actual days, including the three days previously served, and 54 days of conduct credit. This appeal followed.

We appointed counsel to represent appellant on this appeal. After examination of the record, counsel filed an "Opening Brief" in which no arguable issues were raised. On February 21, 2013, we advised appellant that he had 30 days within which to personally submit any contentions or issues that he wished us to consider. No response has been received to date.

The record contains the following evidence: On May 13, 2011, at approximately 11:00 p.m., Mazeneeko Okomna was at a party at a residence in Carson, California, when she walked outside to her car. Appellant punched her in the back of the head, causing her to sustain injuries to her eyes, nose, lips, and hands. She was knocked unconscious and fell to the ground bleeding. Friends took her to the hospital, where she received stitches.

We have examined the entire record and are satisfied that appellant's attorney has fully complied with her responsibilities and that no arguable issues exist. (*People v. Wende* (1979) 25 Cal.3d 436, 441.)

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

2